IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RELIANCE NATIONAL INSURANCE COMPANY, a corporation, | ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) | No.   97-3289 |
| | ) | |
| GREAT LAKES AVIATION, LTD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the motion of Reliance Insurance Company (in Liquidation) f/k/a Reliance National Insurance Company for leave to file a petition to intervene.

### I. Factual and Procedural Background

This case arises out of a fatal airplane collision at Quincy-Baldwin Field in Quincy, Illinois, on November 19, 1996.  On July 17, 1997, Petitioner Reliance commenced an interpleader action pursuant to 28 U.S.C. § 1335, in anticipation of various claims against a $1,000,000

1

insurance policy it had issued to one of the owners of one of the planes involved in the collision. Reliance's complaint named as Defendants all potential claimants to the insurance proceeds including its insureds, the estates of the crews of each aircraft, Great Lakes Aviation, Ltd., Raytheon Aircraft Company, and the estates of the ten passengers on the plane operated by Great Lakes.

On September 11, 1998, the Court entered an Order granting Reliance's motion for summary judgment. The Court ordered that Reliance would be dismissed from the action upon depositing the insurance proceeds with the Clerk of Court and that thereafter all Defendants would be "restrained from instituting or prosecuting any other proceeding in any other state or United States Court affecting the funds deposited with this Court." Reliance subsequently deposited $1,000,000 with the Clerk of Court. Accordingly, on December 15, 1998, the Court dismissed Reliance from the case with prejudice.

The various claimants eventually filed petitions seeking allocation of the $1,000,000 in insurance proceeds. In an Opinion entered on October

2

21, 2004, the Court denied the Passenger Defendants' petition seeking to allocate the interpleader funds for their exclusive benefit and allowed the joint petition of Great Lakes and Raytheon. The Passenger Defendants filed a notice of appeal from that judgment.

The United States Court of Appeals for the Seventh Circuit rendered its decision on November 23, 2005. The Seventh Circuit reversed the judgment of this Court and remanded the case for further proceedings consistent with its opinion. Following the issuance of the mandate on February 7, 2006, some of the remaining parties filed status reports. The Court then set deadlines for interested parties to file proofs of claim and replies thereto. On May 31, 2006, prior to the deadlines for filing proofs of claim, Reliance filed the motion for leave to file the petition to intervene which is now before the Court. Some of the parties have filed responses to Reliance's motion; Reliance has filed replies to those responses.

## II. Reliance's Motion for Leave

In support of its motion for leave to file a petition to intervene, Reliance first points to the following passage from the Seventh Circuit's

3

opinion:

> To avoid, if possible, a further appeal, we consider finally who gets the $1 million if the passengers fail to establish the owner's liability.  Great Lakes and Raytheon have no claim to it.  Their only possible claim would be one based on a right of contribution, and the statute bars that.  Logically, the money should go back to Reliance if the passengers fail to establish the owners' liability to them, because in that event no one will have a superior claim to Reliance's claim.  The money is, after all, Reliance's, which it deposited in court solely in order to avoid being dragged into the disputes between its insureds and their tort claimants.  It is no longer the law that the interpleader plaintiff (Reliance) must have no stake in the proceeding.

Reliance National Insurance Co. v. Great Lakes Aviation, Ltd., et al., 430

F.3d 412, 415 (7th Cir. 2005) (citations omitted).  The rule which pertains

to intervention provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by existing parties.

Fed. R. Civ. P. 24(a).

Reliance claims that in this case, it has a significant protectable

interest relating to the distribution of the $1,000,000 funds being held in

4

escrow by the Court. It further alleges that it is clear that the disposition of the action may, as a practical matter, impair or impede Reliance's ability to protect its interest. Reliance further asserts it is apparent that the existing parties may not adequately represent Reliance's interest, as their interests are adverse to Reliance's. Pursuant to Rule 24, moreover, Reliance contends its petition is timely.

Reliance alleges that, based on its interest in stating a claim for the $1,000,000 it previously deposited with the Court and consistent with the Seventh Circuit's opinion, it has standing as a matter of right or at the Court's discretion[1] to intervene in this case.

### III. Defendants' Response to Reliance's Motion

### A. Passenger Defendants' response

In their response, the Passenger Defendants first allege that the Seventh Circuit's opinion provides no support for Reliance's argument.

---

[1] Rule 24(b) provides in pertinent part, "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

They contend that the passage which Reliance points to is mere dicta, given that the issue was not briefed or mentioned at oral argument.

Next, the Passenger Defendants assert that Reliance deposited the entire proceeds of the insurance policy with the Court and reserved no claim to it. They note that Reliance's complaint states it had relinquished its interest in the interpleader fund and "claim[ed] no beneficial interest in the proceeds of the policy." Reliance then moved for summary judgment, requesting (1) that it be discharged from its duty to indemnify its insureds by depositing the funds with the Court; and (2) that it be discharged from its contractual obligation to defend its insureds. The Court determined that interpleader was appropriate in this case, that Reliance was discharged from further liability to indemnify its insured on the policy and that the policy language provided that Reliance could terminate its duty to defend its insureds once the policy limits were returned to the Court.[2] On December 15, 1998, the Court granted Reliance's motion for final judgment, thereby dismissing it with prejudice and directing the entry of final judgment in its

---

[2]On October 7, 1998, Reliance forwarded to the Clerk of this Court the sum of $1,000,000 by draft payable to said Clerk.

6

favor. The Passenger Defendants note that on July 14, 1999, the Seventh Circuit affirmed the judgment.

The Passenger Defendants assert that if Reliance had intended to reserve any claim in the proceeds, it would have had to remain in the case as a party until such time as these other claims were resolved. If no party was able to establish liability on the part of the aircraft's owners, then Reliance could have remained in the case and eventually reclaimed the interpleader fund. The Passenger Defendants contend that Reliance instead moved to be dismissed with prejudice and therefore forfeited any possibility of claiming the proceeds. In renewing its motion to be dismissed, Reliance advanced several reasons why nothing remained to be decided that was relevant to Reliance. Reliance stated, "All the possible relief that Reliance could obtain in this matter has been obtained, but for the entry of final judgment." The Passenger Defendants note that other parties relied on statements such as this.

Next, the Passenger Defendants claim that they settled their claims against the owners of the Beech King Air A90, Robert A. Clarkson and

7

Harvey L. Imber, by reserving and limiting their claims against them to the proceeds of the policy in the interpleader fund.  The Passenger Defendants allege that if there had been the possibility of another claimant to the policy, then they would not have entered into this settlement and would not have limited their claims to the interpleader fund.  Instead, the Passenger Defendants state they would have reserved the right to collect judgment in excess of the policy against Clarkson and Imber.  The Passenger Defendants claim that if Reliance is allowed to intervene to seek the proceeds and oppose the Passenger Defendants' claims to the proceeds, then the settlement will be void.  Other former parties will then have to be brought back into this case, thereby further complicating the litigation.   The Passenger Defendants assert this is inconsistent with the intent of the settlement and Reliance, therefore, should not be allowed to intervene.

B. Great Lakes' and Raytheon's response

In their response, Great Lakes and Raytheon note that this case was initiated after various lawsuits were filed by the Passenger Defendants in the Circuit Court of St. Clair County, Illinois.  Reliance's insureds, Clarkson

and Imber, were among the defendants named in those actions.

Great Lakes and Raytheon contend Reliance has assigned its right to the funds to its insureds. They claim that Reliance sought to discharge its duty to indemnify its insureds by paying the limits available under its insurance policy and commencing an interpleader action under 28 U.S.C. § 1335. On September 10, 1998, the Court granted Reliance's request for relief, and held that Reliance would be discharged from further liability upon paying the applicable limit of its insurance policy to the Court.

Great Lakes and Raytheon note that Clarkson and Imber appealed the judgment dismissing Reliance. Reliance subsequently informed the Seventh Circuit that it was not "claiming any continuing interest or benefit in the fund." Great Lakes and Raytheon refer to the following passage from Reliance's brief on appeal:

> On the contrary, [Reliance's] interpleader complaint expressly provides that Reliance "claims no beneficial interest in the proceeds or the policy." Thus, in the unlikely event that all the claims against the insureds were somehow resolved for less than the $1 million policy limits, the insureds would have the right to claim the balance. As such, it is not for the insureds to complain that the claims may not add up to $1 million.

They note that in adopting Reliance's position, the Seventh Circuit observed, "Reliance points out in its complaint and its brief that it claims no beneficial interest in the money, and that the insureds may keep the money if defendants' hypothetical situations [such as the insureds successfully defending themselves in the underlying suits or if subsequent judgments fail to reach $1 million] were to come to pass." Reliance National Insurance Co. v. Imber, 1999 WL 510752 at *2, (7th Cir. July 14, 1999). Great Lakes and Raytheon contend that Reliance is bound by these statements. See Taylor v. Monsanto Co., 150 F.3d 806, 809 (7th Cir. 1998) ("Judicial admissions are concessions in the pleadings that bind the party making them and that withdraw a fact from contention"). They assert, therefore, that Reliance's assignments of its rights to the proceeds of the policy to its insureds and its corresponding disclaimer of any ongoing right to those funds have become the law of the case and should not be revisited.

Great Lakes and Raytheon claim that in exchange for the protection it received in discharging its obligations to indemnify or defend its insureds,

Reliance assigned any right to claim the remaining funds to its insureds. Reliance has maintained that position throughout this litigation. They contend that Reliance is bound by its prior representations to the Court and the parties and has no right to intervene.

Next, Great Lakes and Raytheon allege that Reliance's attempt to intervene in this action is untimely. They note that the Seventh Circuit issued its mandate affirming this Court's dismissal of Reliance from this case on August 6, 1999. Since then, some of the parties have continued to pursue their various claims to the funds. Conversely, Reliance took no such steps to assert its alleged protectable interest. Great Lakes and Raytheon allege that Reliance has not participated in any way until the filing of the present petition.

Based on the foregoing, Great Lakes and Raytheon contend that the equitable doctrine of laches should prevent Reliance from intervening in this case. They allege that Reliance's nearly seven-year delay in attempting to assert its claim to funds it has previously disclaimed represents an unreasonable lack of diligence and should not be allowed. Because the

11

remaining parties would be unduly prejudiced, Great Lakes and Raytheon assert that Reliance's motion for leave to file a petition to intervene should be denied.

### C. Rita Winkelmann's response[3]

Winkelmann contends there are three reasons why Reliance's motion must be denied: (1) Reliance has no right to intervene because it has waived any claim to the fund with its binding judicial admissions; (2) Reliance has no right to intervene because res judicata precludes any claim; and (3) Reliance has no right to intervene because its application is untimely.

Like the other parties, Winkelmann alleges that Reliance is bound by the concession in its complaint (and similar admission in its appellate brief) that it "claims no beneficial interest in the proceeds of the policy" because this constituted a binding judicial admission, thereby withdrawing the issue from contention. Because of Reliance's binding admissions, therefore, Winkelmann claims that it has no right to intervene under Federal Rule of Civil Procedure 24(a)(2).

---

[3]Winkelmann is the executrix of the estate of Laura Brooks, who was the passenger on the Beech King Air aircraft at the time of the collision.

Next, Winkelmann contends that the doctrine of res judicata precludes Reliance from sharing in the fund. The Illinois Supreme Court has stated:

> The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. When res judicata is established as a bar against the prosecution of a second action between the same parties upon the same claim or demand it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose.

Nowak v. St. Rita High School, 197 Ill.2d 381, 389, 757 N.E2d 471, 477 (2001). Winkelmann alleges that the Court's previously discussed final orders in the first phase of this litigation, which were appealed and affirmed, qualify as "final judgments rendered by a court of competent jurisdiction on the merits." Accordingly, those determinations are conclusive as to the rights of Reliance.

Winkelmann notes that Reliance could have early in the litigation filed a claim seeking to share in the fund, See Indianapolis Colts v. Mayor and City Council of Baltimore, 733 F.2d 484, 486 (7th Cir. 1984) (citing

13

28 U.S.C. § 1335(a)), but it chose to waive any claim. Winkelmann states that this was likely a conscious strategic move which worked out well for Reliance, given that it was relieved of its duty to defend its insureds. Unlike Reliance, however, Winkelmann asserts that the remaining parties have for eight years relied on this Court's final adjudications in making other litigation decisions. She claims, therefore, that Reliance should not now be permitted to switch positions and make a claim to share in the fund long after losing its status as a party.

Winkelmann next alleges that Reliance's application for interpleader is not timely. She notes that Rule 24 requires that a non-party make a "timely application" in order to intervene. "The timeliness factor is essentially a reasonableness inquiry, requiring potential intervenors to be reasonably diligent in learning of a suit that might affect their rights, and upon learning of such a suit, to act to intervene reasonably promptly." People Who Care v. Rockford Bd. of Educ., 68 F.3d 172, 175 (7th Cir. 1995). Factors which a court considers in assessing timeliness include "1) the length of time the intervenor knew or should have known of his interest

14

in the case, 2) the prejudice to the original party caused by the delay, 3) the resulting prejudice to the intervenor if the motion is denied, and 4) any unusual circumstances." Id.

Applying these factors, Winkelmann alleges that Reliance knew of its interest in this case when it filed its complaint in 1997. Moreover, the additional parties would be extremely prejudiced if Reliance is now allowed to resurrect claims it waived almost eight years ago, while there would be no resulting prejudice to Reliance. Winklemann further claims that "there are unusual circumstances in this already protected litigation because it would be unfair to allow this case to move backward instead of forward at this stage of the proceedings."

Finally, Winkelmann alleges that the Seventh Circuit's latest rulings do not favor Reliance. She claims that the statement on which Reliance relies was not germane to that court's holding. Moreover, the Seventh Circuit completely overlooked that Reliance has relinquished all of its claims in this case and that it failed to properly preserve its claim to the funds by following the Court's previous Orders. Winkelmann contends that if

15

Reliance intended to seek a portion of the interpleader fund, then it should not have relinquished its right to do so in the complaint it filed almost nine years ago. Moreover, it should have declared its intent to seek a portion of the fund before there was a final adjudication on the merits of all its claims in this case. Winkelmann further asserts that if Reliance sought a portion of the fund, it should have followed the Court's submission procedures and protocols. Based on the foregoing, Winkelmann requests that Reliance's motion for leave to file a petition to intervene be denied.

## IV. Reliance's Reply

Reliance has filed reply briefs to the various responses to its motion for leave to file a petition to intervene. Reliance states that in light of the language contained in the Seventh Circuit's most recent opinion in this case, it would be derelict on the part of Reliance (and the statutory liquidator acting in her fiduciary capacity) not to act to preserve whatever right it may have in the proceeds. Reliance claims it has acted solely to avoid the possibility that the ultimate disposition of the funds is a determination that they have been abandoned by Reliance.

Reliance further notes that the Seventh Circuit has observed that only the passengers who were killed in the accident could potentially have a greater claim to the fund than Reliance. Moreover, in order for the passengers to prevail over Reliance's claim, they must prove (1) the owners of the plane which was insured by Reliance were negligent; and (2) they must also establish the amount of damages for which the owners are liable. Reliance, 430 F.3d at 415. Reliance notes, moreover, that the Seventh Circuit has conclusively stated that Great Lakes and Raytheon have no claims to the monies. Id.

Reliance alleges that the catalyst to its petition to intervene and claim on the monies previously deposited with the Court results from the Seventh Circuit's ruling and the express findings and directives contained in the opinion. Reliance states, "While Reliance had nothing to do with what has transpired from the time of its dismissal on December 15, 1998 until the Seventh Circuit [issued its mandate] in February 2006, that 2006 decision now controls the current posture of the case, not the interpleader action." For these reasons, Reliance's claims it should be allowed to intervene in this

17

action.

## V. The Court's Conclusions

After carefully examining the record and the briefs of Reliance and the parties, the Court concludes that Reliance's motion for leave to file a petition to intervene must be denied. Pursuant to Rule 24, one of the prerequisites to intervention of right and permissive intervention is a "timely application." Reliance's motion for leave to file a petition to intervene is not timely.

The Seventh Circuit has held that the timeliness inquiry is one of reasonableness, and that a potential intervenor must be "reasonably diligent" in learning of a suit that affects its rights. <u>People Who Care</u>, 68 F.3d at 175. In this case, Reliance presumably knew of its interest in the $1,000,000 before filing its complaint. It knew of its interest early in the litigation when it asked to be dismissed with prejudice. Reliance was aware of its interest after this Court entered final judgment in its favor in December 1998, and while that issue was pending before the Seventh Circuit and in the seven years since that court affirmed this Court's

18

judgment.  Of course, Reliance had assigned whatever rights it had in the $1,000,000 to its insureds.  Because Reliance disclaimed its interest, it is quite obvious that it was not reasonably diligent in pursuing that interest.

It is equally obvious that the four factors a court should consider in determining if an intervention petition is timely do not favor Reliance. First, the length of time the potential intervenor knew or should have known of its interest in this case would appear to be nearly a decade. Reliance has pointed to no reason why it did not know of its interest before it filed its complaint in this case in 1997.  Second, some of the parties would be significantly prejudiced if Reliance were allowed to resurrect its waived claims, given they have apparently based litigation decisions in other cases on Reliance's actions in this case.  These two factors weigh heavily against allowing Reliance to intervene in this action.

The other factors do not favor Reliance.  The Court is unaware of any resulting prejudice to the potential intervenor if the motion is denied, and Reliance has pointed to no such prejudice.  While claiming that it has "a significant protectable interest relating to the distribution of the $1

Million," Reliance has had that very interest for the duration of this litigation. Nonetheless, early in this litigation, Reliance found it appropriate to move for final judgment and request to be dismissed from this litigation. Reliance's request was granted. This litigation continued for more than seven years without Reliance before Reliance filed its motion for leave to file the petition to intervene. Reliance has pointed to no changed circumstances other than the language in the Seventh Circuit's opinion. Accordingly, the Court concludes that Reliance would not be prejudiced by the denial of its motion.

Finally, there do not appear to be any unusual circumstances which would favor allowing Reliance to intervene several years after it asked to be dismissed. Reliance essentially acknowledges that its argument is premised solely on one paragraph in the Seventh Circuit's opinion, wherein that court states in pertinent part, "Logically the money should go back to Reliance if the passengers fail to establish the owners' liability to them, because in that event no one will have a superior claim to Reliance's claim." Reliance, 430 F.3d at 415.

20

The Passenger Defendants assert that there was no briefing or any mention of oral argument on this issue, and that the Seventh Circuit was not aware of the complex proceedings before this Court. As such, they claim that the dicta provides no support for Reliance's motion. Similarly, Winklemann alleges that the appellate court completely overlooked that Reliance has relinquished all of its claims by failing to follow the Court's orders regarding claim procedures. Reliance does not deny these assertions. Accordingly, the Court concludes that there are no unusual circumstances which would favor allowing Reliance to intervene.

Reliance was not "reasonably diligent" in moving to intervene in this case. Most of the timeliness factors articulated in <u>People Who Care</u>, 68 F.3d at 175, favor denying Reliance's motion for leave to file a petition to intervene. None of the factors weigh in favor of allowing Reliance to re-enter the case several years after it was dismissed. Because Reliance has failed pursuant to Federal Rule of Civil Procedure 24 to file a timely application to intervene, therefore, its motion for leave will be DENIED.

Having concluded that Reliance has failed to satisfy Rule 24, the

Court need not address in detail other persuasive reasons proffered by the parties as to why Reliance should not be allowed to intervene.  It is worth noting, however, that even if Reliance's application was timely, the judicial admissions made by Reliance would likely preclude it from sharing in the fund.

Ergo, the motion of non-party Reliance Insurance Company (in Liquidation) f/k/a Reliance National Insurance Company for leave to file a petition to intervene [d/e 287] is DENIED.  The proofs of claim filed by Defendant Rita Winkelmann [d/e 304 & 305] are hereby STRICKEN for failure to comply with the Court's Order of June 16, 2006.  Winkelmann is hereby granted leave to re-file her proof of claim at the appropriate time. The Court sets a deadline of September 15, 2006 for any of the remaining parties seeking recovery from the interpleader funds to make claims by filing and serving on all other parties a proof of claim consisting of a clear narrative explanation of that party's claim fully supported by evidence that would either be admissible at trial or permissible pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Responses, if any, to the claims are due

by September 29, 2006.

ENTER: August 30, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge