IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RELIANCE NATIONAL INSURANCE COMPANY, a corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | No.  97-3289 |
| GREAT LAKES AVIATION, LTD, et al., | ) ) ) | |
| Defendants. | ) ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

In an Order entered on May 18, 2007, the Court allowed the motion for partial summary judgment filed by Defendant Rita Winkelmann and denied the proof of claim filed by Defendants Great Lakes Aviation, Ltd. and Raytheon Aircraft Company.  Pending before the Court is a motion for reconsideration filed by Great Lakes and Raytheon.

Winkelmann and the Passenger Defendants have filed a stipulation and waiver of right to trial on all remaining issues.  Winkelmann and the Passenger Defendants have also filed a status report.

1

Because the parties are familiar with the facts and the lengthy procedural history of this case, those matters will not be discussed in detail. The Court finds no basis to depart from its earlier order. Accordingly, the motion to reconsider filed by Great Lakes and Raytheon will be DENIED.

In its previous Order, the Court concluded that Defendant Rita Winkelmann and the Passenger Defendants are entitled to the interpleader fund posted by former party Reliance National Insurance Company as long as "the amount the passengers have already received in settlement of their claims does not equal or exceed their legal entitlement." See Reliance Nat'l Insurance Co. v. Great Lakes Aviation, Ltd., 430 F.3d 412, 416 (7th Cir. 2005). Counsel for Winkelmann has stated that those parties have "reached an agreement that they will share the proceeds of any settlement or judgment in their favor in this case on a pre-determined basis."

In their stipulation and waiver of right to trial, Winkelmann and the Passenger Defendants agree that the Court may rule on these issues as trier of both fact and law, using the evidence and arguments set forth in the parties' proofs of claim.

In their status report, Winkelmann and the Passenger Defendants allege the evidence establishes that, in the aggregate, their entitlement to damages substantially exceeds what they have already recovered in settlements or collected judgments by more than the available interpleader fund of $1 million plus interest. According to her filing, Winkelmann's claim has a value of more than $2.5 million more than she has been paid.

To further illustrate they have not exceeded their legal entitlement, the Passenger Defendants note that the economic losses suffered by the Berger family because of Jason Berger's death significantly exceeds the total amount recovered in settlement by his family. According to the affidavit testimony of actuarial and economic expert David L. Hopkins, the economic losses exceed by more than $17 million the total amount collected by Berger's family. Similarly, the economic losses suffered by the Reed family because of Dennis Reed's death exceed by several million dollars the amount recovered in settlement by the family.

The Court has reviewed the claims of the other Passenger Defendants. Most of these claims establish damages underpayments which alone exceed

the amount of the interpleader fund. After reviewing the proofs submitted by Winkelmann and the Passenger Defendants, the Court has determined that those parties have established damages underpayments which exceed the amount of the interpleader fund. Thus, the Court concludes that Winkelmann and the Passenger Defendants are entitled to the entire interpleader fund.

Ergo, the motion for reconsideration filed by Great Lakes Aviation, Ltd. and Raytheon Aircraft Company [d/e 347] is DENIED. Consistent with the Order entered on May 21, 2007, and the findings which it now makes, the Court concludes that Defendant Rita Winkelmann and the Passenger Defendants are entitled to the entire interpleader fund because, in the aggregate, the value of their claims exceeds the amount they have recovered by more than the amount of the interpleader fund.

Counsel for Great Lakes is Ordered to deliver the entire interpleader fund, with interest, to counsel for Defendant Rita Winkelmann within 45 days, unless otherwise directed by the United States Court of Appeals for the Seventh Circuit. Upon receiving the fund, counsel for Winkelmann is

Ordered to keep the funds in his law firm's client trust account or an interest-bearing segregated account, to be distributed in accordance with the settlement agreement between Defendant Winkelmann and the Passenger Defendants, or in accordance with any further orders from the United States Court of Appeals for the Seventh Circuit.

The Clerk will enter judgment in favor of Defendant Winkelmann and Defendants Berger, Beville, Brueck, Carlson, DeSalle, Downing, Heffelbower, Reed, Fries and Johnson.

IT IS SO ORDERED.

ENTER: June 27, 2007

FOR THE COURT:

s/Richard Mills
United States District Judge